UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DANIEL LEE CARPENTER,

          Plaintiff,

   v.

WASHINGTON STATE DEPARTMENT OF CORRECTIONS,

          Defendant.

Case No. C21-5823-DGE-MLP

REPORT AND RECOMMENDATION

## I.    INTRODUCTION

This matter is before the Court on Plaintiff Daniel Lee Carpenter's filing of a motion to proceed *in forma pauperis* ("IFP") and proposed civil rights complaint pursuant to 42 U.S.C. § 1983. (Dkt. ## 1, 1-1, 1-2.) Plaintiff is proceeding *pro se* in this matter. For the reasons discussed below, the Court recommends that Plaintiff's complaint be dismissed prior to service pursuant to 28 U.S.C. § 1915A. The Court further recommends that Plaintiff's motion to proceed IFP be stricken as moot in light of the recommended dismissal.

## II.    BACKGROUND

Plaintiff alleges he had property stored at the Monroe Correctional Complex ("MCC") that was improperly disposed of, lost, or stolen. (Dkt. # 1-2 at 1.) The property included personal

REPORT AND RECOMMENDATION - 1

letters, photographs, legal and other documents, and items such as shoes and a radio. (*Id.*) Plaintiff alleges the value of the property totaled $1,538.55. (*Id.* at 1-2.) Plaintiff filed grievances with MCC regarding the lost property and his complaints were substantiated. (*Id.* at 3-4.) Plaintiff alleges he then filed a tort claim and was offered a settlement of $46.55. (*Id.* at 5.)

### III.   DISCUSSION

#### A.   Legal Standard for Pleadings

##### 1.   Rule 8

Rule 8(a) of the Federal Rules of Civil Procedure provides that in order for a pleading to state a claim for relief it must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. The statement of the claim must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The factual allegations of a complaint must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In addition, a complaint must allege facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) that he suffered a violation of rights protected by the Constitution or created by federal statute; and (2) that the violation was proximately caused by a person acting under color of state or federal law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable solely on the basis of supervisory

REPORT AND RECOMMENDATION - 2

responsibility or position. *Monell v. Department of Social Servs., of City of New York*, 436 U.S. 658, 691-94 (1978). Rather, a plaintiff must allege that a defendant's own conduct violated the plaintiff's civil rights. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385-90 (1989).

    2.    28 U.S.C. § 1915A

Pursuant to 28 U.S.C. § 1915A:

> **(a) Screening.**--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> **(b) Grounds for dismissal.**--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>
>     **(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
>     **(2)** seeks monetary relief from a defendant who is immune from such relief.

Before the Court may dismiss the complaint as frivolous or for failure to state a claim, it "must provide the [prisoner] with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGucken v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992); *see also Sparling v. Hoffman Constr., Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988); *Noll v. Carlson*, 809 F.2d 1446, 1449 (9th Cir. 1987). However, leave to amend need not be granted "where the amendment would be futile … or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

    **B.**    **Property Claims**

Plaintiff alleges several items of his personal property have been improperly disposed of, lost, or stolen. (*See* dkt. # 1-2 at 1.) The Due Process Clause provides that no person shall be deprived of "life, liberty, or property, without due process of law." U.S. Const. Amend. V.

However, where a state employee's random, unauthorized act deprives an individual of property, either negligently or intentionally, the individual is relegated to his state post-deprivation process, so long as the state provides an adequate post-deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 540-41 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986). Washington State provides a post-deprivation remedy for the alleged tortious conduct of state employees under RCW 4.92.

Plaintiff's complaint demonstrates that he has, in fact, availed himself of the state's post-deprivation remedies by filing a tort claim, although he is not satisfied with the state's settlement offer. (Dkt. # 1-2 at 5.) Thus, Plaintiff's claims pertaining to the loss of his personal property are not cognizable in this action. Because no property claims would be cognizable, granting Plaintiff leave to amend his claims would be futile. *Garmon v. Cty. of Los Angeles*, 828 F.3d 837, 842 (9th Cir. 2016) ("A district court abuses its discretion by denying leave to amend unless amendment would be futile or the plaintiff has failed to cure the complaint's deficiencies despite repeated opportunities.").

## IV.   CONCLUSION

The Court recommends that Plaintiff's complaint (dkt. # 1-1) be dismissed prior to service pursuant to 28 U.S.C. § 1915A as Plaintiff's claims are deficient and not capable of amendment. The Court also recommends that Plaintiff's motion to proceed IFP (dkt. # 1) be stricken as moot in light of the recommended dismissal. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your

REPORT AND RECOMMENDATION - 4

right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **December 10, 2021**.

The Clerk is directed to send copies of this Report and Recommendation to the parties and to the Honorable David G. Estudillo.

Dated this 18th day of November, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5