UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DANIEL LEE CARPENTER,<br><br>                Plaintiff,<br>    v.<br><br>WASHINGTON STATE DEPARTMENT OF CORRECTIONS,<br><br>                Defendant. | CASE NO. 3:21-cv-05823-DGE<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

On November 8, 2021, Plaintiff, proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983, alleging that he had property stored at the Monroe Correctional Complex ("MCC") that was improperly disposed of, lost, or stolen. (Dkt. No. 1-2 at 1-2.) The property in question included clothing, personal effects, legal documents, and items of a sentimental nature, including family letters and photographs. (*Id.*) Plaintiff alleges the value of this property totaled $1,538.55. (*Id.*) Plaintiff filed grievances with MCC regarding the lost property and his complaints were substantiated. (*Id.* at 3-4.) Plaintiff alleges he then filed a tort claim and was offered a settlement of $46.55. (*Id.* at 5.)

On November 18, 2021, United States Magistrate Judge Michelle Peterson issued a report and recommendation ("R&R") recommending that Plaintiff's complaint be dismissed prior to service pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted and that Plaintiff's motion to proceed in forma pauperis ("IFP") be stricken as moot. (Dkt. No. 3.) Judge Peterson found that where a state employee's random, unauthorized act deprives an individual of property, either negligently or intentionally, the individual is relegated to his state post-deprivation process, so long as the state provides an adequate post-deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 540-41 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986). (*Id.* at 3-4.)

Judge Peterson found that Washington State provides a post-deprivation remedy for the alleged tortious conduct of state employees under RCW 4.92, and that Plaintiff availed himself of this remedy, although he was not satisfied with the state's settlement offer. (*Id.* at 4.) Judge Peterson found that since Plaintiff therefore did not have a cognizable property claim, granting Plaintiff leave to amend his claims would be futile. (*Id.*); *Garmon v. Cty. of Los Angeles*, 828 F.3d 837, 842 (9th Cir. 2016) ("A district court abuses its discretion by denying leave to amend unless amendment would be futile or the plaintiff has failed to cure the complaint's deficiencies despite repeated opportunities.")

Plaintiff objects to the R&R, stating that he does not understand the reason why his claim may be dismissed[1], and requests the assistance of counsel. (Dkt. No. 4 at 1.) The Court has discretion to appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1), but an appointment of counsel should only be granted under "exceptional circumstances." *Agyeman*

---

[1] Plaintiff, however, did articulate and argue his disagreement with the conclusion that the availability of a post-deprivation remedy barred his claim; thereby demonstrating he understood Judge Peterson's recommendation. (Dkt. No. 4 at 3.)

ORDER ADOPTING REPORT AND RECOMMENDATION - 2

*v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). When determining whether exceptional circumstances exist, the Court considers "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). The Court finds no such exceptional circumstances here; Judge Peterson's finding that Plaintiff does not have a cognizable property claim pursuant to 42 U.S.C. § 1983 is consistent with applicable Supreme Court precedent and Plaintiff has adequately articulated his claims.

Plaintiff seeks to add additional Defendants to his claim whom he alleges were responsible for the loss of his property, and disagrees that the State of Washington has provided him an adequate post-deprivation remedy. (Dkt. No. 4 at 2-4.) The Court is sympathetic to Plaintiff's argument that a settlement of $46.55 seems a paltry sum for one's personal possessions, especially when those possessions include irreplaceable items of a sentimental nature, including personal correspondence and family photographs. However, as discussed above, Plaintiff's lack of a cognizable property claim would render amendment futile.

The Court, having reviewed Plaintiff's complaint, the Report and Recommendation of the Honorable Michelle Peterson, United States Magistrate Judge, any objections thereto, and the remaining record, hereby finds and ORDERS as follows:

(1) The Report and Recommendation is ADOPTED.

(2) Plaintiff's motion to proceed in forma pauperis is STRICKEN as moot.

(3) This case is hereby DISMISSED without prejudice.

(4) The Clerk is directed to send copies of this Order to the parties and to Judge Peterson.

Dated this 10th day of January, 2022.

ORDER ADOPTING REPORT AND RECOMMENDATION - 3

1
2
3   David G. Estudillo
    United States District Judge
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

ORDER ADOPTING REPORT AND RECOMMENDATION - 4